UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAWN DAMEL KUDINGO,<br><br>Plaintiff,<br><br>vs.<br><br>LISA BINA, Operations Director, Dane Co. Child Support Agency, in her individual and official capacities,<br><br>Defendant. | 4:23-CV-04093-KES<br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiff, Shawn Damel Kudingo, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Before the defendant was served, Kudingo moved for leave to amend the complaint. Docket 7. The court granted Kudingo's motion to amend. Docket 10. Defendant, Lisa Bina, moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Docket 18.

**FACTUAL BACKGROUND**

Kudingo resides in South Dakota and is employed by Harvard Integrations. Docket 11 ¶ 6. Kudingo formerly resided in Wisconsin. *Id.* Bina is the Operations Director of Dane County, Wisconsin Child Support Agency. *Id.* ¶ 2. The amended complaint alleges that Aid to Families with Dependent Children (AFDC) was established under Part A of Title IV-A of the Social

Security Act and is a federal-state cooperative effort administrated by the states. *Id.* ¶ 11. The AFDC program provides for monetary payments by states to families with "children deprived of parental support due to death, disability, or desertion." *Id.* ¶ 12. States are not required to participate in the AFDC program, but if a state chooses to participate, the state must operate the program in compliance with the statutory requirements and regulations promulgated by the Secretary of Health and Human Services. *Id.* ¶ 13. Kudingo alleges that Marjorie Schuett, a Wisconsin attorney, entered into a cooperative agreement with Bina, as the Operations Director of Dane County Child Support Agency, and the Wisconsin Department of Children and Families to implement and administer the "child and spousal support and establishment of paternity and medical support liability program" in conformity with Title IV-D of the Social Security Act. *Id.* ¶ 7.

Schuett, acting pursuant to the cooperative agreement with Bina, conducted an expedited judicial procedure (42 U.S.C. § 666(a)(2)) in accordance with Title IV-D of the Social Security Act and entered a child support order on June 26, 2008, directing Kudingo to pay $200 per month for child support and expenses.[1] *Id.* ¶ 21; Docket 11-1 at 2–4. Schuett executed the order as a Family Circuit Commissioner for Judge Diane Nicks. Docket 11-1 at 4; Docket

---

[1] According to the order, the parties have two other children together. Docket 11-1 at 2. One of the parties' other children was the subject of a support proceeding in Jefferson County, Wisconsin, with a support obligation of $315 per month. *Id.* The parties' third child is a twin of the child who is the subject of the Dane County proceeding, and that Dane County case was merged and consolidated with the other Dane County proceeding. *Id.*

2

11 ¶ 25. According to the order, Kudingo was personally served but did not appear during the proceeding. Docket 11-1 at 2. Kudingo alleges that the order is a "default judgment" entered without subject matter jurisdiction and violates 42 U.S.C. § 1983, the Wisconsin constitution and laws, and his Fourteenth Amendment due process rights. Docket 11 ¶¶ 45–47. The June 26, 2008, order provides that all parties could request a new hearing before the assigned judge[2] by submitting a written request within fifteen days. Docket 11-1 at 4. Kudingo does not allege that he submitted a written request for a new hearing within fifteen days. *See* Docket 11.

According to the amended complaint, the child support order is void because Kudingo "did not knowingly and willfully give express consent" to the expedited procedure used to issue the June 26, 2008, child support order. *Id.* ¶ 22. Kudingo also alleges that the Wisconsin constitution provides for the election of circuit court judges and Schuett had not been elected at the time she signed the child support order. *Id.* ¶¶ 23–24, 30.

On October 31, 2022, Bina mailed to Kudingo's employer, Harvard Integrations, an income withholding form directing Harvard Integrations to withhold $123.46 from Kudingo's wages and to send the withholding to the Wisconsin Support Collection Trust Fund. *Id.* ¶ 34. Wisconsin law, according to

---

[2] Under Wisconsin law, family court commissioners may "conduct hearings and enter orders and judgments in actions . . . to establish or enforce a child support or a family support obligation and in actions to revise orders or judgments for child support or family support." Wis. Stat. § 757.69(1)(p)(3). But the trial court is required to review any decision of a family court commissioner after a de novo hearing upon motion by any party. *Id.* § 757.69(8); *Stuligross v. Stuligross*, 763 N.W.2d 241, 246 (Wis. Ct. App. 2008).

Kudingo, requires that withheld child support payments be sent to the State Disbursement Unit. *Id.* ¶ 35. After reviewing the income withholding directive, Harvard Integrations began withholding $123.46 from Kudingo's wages each week and sent the withheld wages to the Wisconsin Support Collection Trust Fund. *Id.* ¶ 36. Kudingo alleges that Bina's enforcement of the child support order violates 42 U.S.C. § 1983, the separations of powers doctrine, the Wisconsin constitution and laws, 45 C.F.R. § 303.101(c)(1), (2), and his Fourteenth Amendment due process rights. *Id.* ¶ 38. Kudingo requests that the court determine that the June 26, 2008, "Judgment issued by MARJORIE H. SCHUETT against SHAWN KUDINGO was done in violation of Due Process . . . [and] is void." *Id.* ¶ 48(1), (2). Kudingo also requests that the court order Bina to return the amount collected pursuant to the judgment and to terminate the lien against Kudingo based on the judgment. *Id.* ¶ 48(3), (4).

## DISCUSSION

### I.   Motion to Dismiss

Bina contends that this court does not have subject matter jurisdiction to consider Kudingo's claims. Docket 19 at 4–5. Specifically, Bina contends that because the subject of Kudingo's claims is domestic relations, they must be resolved in state court. *Id.* Bina also argues that the *Younger* abstention doctrine and *Rooker-Feldman* doctrine preclude the court from exercising jurisdiction in this case. *Id.* at 5–7. Because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court must consider whether Kudingo's complaint involves a

4

dispute or controversy within its jurisdiction. *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### A.   Domestic Relations Exception to Federal Jurisdiction

The Eighth Circuit Court of Appeals has instructed that when the effect of a remedy in a federal suit is to modify, nullify, or predetermine a ruling in a state domestic proceeding a district court lacks subject matter under the domestic relations exception to federal jurisdiction. *Wallace v. Wallace*, 736 F.3d 764, 767 (8th Cir. 2013) (citing *Kahn v. Kahn*, 21 F.3d 859, 861–62 (8th Cir. 1994)). In the amended complaint, Kudingo requests that the court determine that the June 26, 2008, "Judgment issued by MARJORIE H. SCHUETT against SHAWN KUDINGO was done in violation of Due Process . . . [and] is void." Docket 11 ¶ 48(1), (2). Kudingo also requests that the court order Bina to return the amount collected pursuant to the void judgment and to terminate the lien against Kudingo based on the void judgment. *Id.* ¶ 48(3), (4). Because the remedy Kudingo seeks in this § 1983 action requires the court to declare as void and null a state child support order, this court lacks subject matter under the domestic relation exception to federal jurisdiction. *See Lammers v. Nebraska*, 2022 WL 716720, at *2 (D. Neb. Mar. 10, 2022) (stating that a federal district court does not have jurisdiction "to entangle itself into issues of state child-support law").

5

### B. *Younger* Abstention

In the amended complaint, Kudingo acknowledges that the June 26, 2008, child support order is not a final judgment because it can be revised and altered. Docket 11 ¶¶ 31–32. *See also* Docket 8. A review of the Wisconsin circuit court record, *In re the Paternity of K.J.K.,* Dane County Wisconsin Case No. 2008PA308, reveals that Kudingo has filed numerous motions and participated in many hearings since June 26, 2008.[3] The most recent modification order was entered on May 30, 2023. *Id. See also* Docket 8 (stating that on May 30, 2023, a judgment was entered substantially increasing the amount that is automatically withdrawn from Kudingo's wages each week).

In *Younger v. Harris*, 401 U.S. 37, 54 (1971), the United States Supreme Court held that absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions. In *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982), the Supreme Court later extended *Younger* abstention to state noncriminal judicial proceedings. *Younger* abstention is appropriate where the following factors are satisfied: "(1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). All three factors are present in this case. First, there

---

[3] The Eighth Circuit has recognized that it is appropriate for federal district courts to take judicial notice of state court files when they are relevant to the issues in federal court. *Knudson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010). The relevant Wisconsin state court file can be accessed electronically: https://wcca.wicourts.gov/.

6

is an ongoing Wisconsin child support proceeding. Second, the Wisconsin child support proceeding implicates important state interests. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the [*Younger*] doctrine."); *Lewis v. Seventh Cir. Ct. – S.D. Unified Jud. Sys.*, 2018 WL 7247048, at *3 (D.S.D. Nov. 28, 2018) (explaining that domestic relations is "a traditional area of state concern where federal abstention is particularly appropriate."). Finally, Kudingo does not allege that the Wisconsin rules of civil procedure and appellate procedure do not permit him to raise constitutional challenges. Thus, because all three elements for *Younger* abstention are satisfied, the court must abstain from exercising jurisdiction over Kudingo's claims and dismiss this action without prejudice. *See Frederick of the Fam. Gonora v. Off. of Child Support Servs.*, 783 F. App'x 250, 252 (3d Cir. 2019) (per curiam) (holding that district court properly applied the *Younger* abstention doctrine when declining to exercise jurisdiction and dismissing civil rights action arising out of ongoing child support proceeding); *Adams v. State of Fla.*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam) (affirming dismissal under the *Younger* abstention doctrine a § 1983 action seeking to enjoin a civil contempt finding in child support enforcement proceeding).

    C.    ***Rooker-Feldman* Doctrine**

    To the extent the June 26, 2008, child support order can be construed as a final judgment, the *Rooker-Feldman* doctrine mandates dismissal of this

7

action. Under the *Rooker-Feldman* doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (internal quotation omitted). "The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000). If a constitutional claim presented to the district court is "inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

Federal constitutional claims, like claims under 42 U.S.C. § 1983, are "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001) (quoting *Lemonds*, 222 F.3d at 493). The *Rooker-Feldman* doctrine most often applies in cases where the individual who lost in state court complains in federal court of injuries caused by the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this action, the relief Kudingo seeks requires the court to declare that the June 26, 2008, support order is void. *See* Docket 11 ¶ 48. Thus, his claim is inextricably intertwined with the state court support order and only succeeds if, in fact, the state court order is void. The *Rooker–Feldman* doctrine precludes this court

from declaring the Wisconsin state court order void. *See Cassell v. Cnty. of Ramsey*, 2012 WL 928242, at *4 (D. Minn. Mar. 19, 2012) (holding that the *Rooker-Feldman* doctrine precludes a district court from granting injunctive relief by vacating orders in state court child custody and support proceedings).

### D.   Title IV-D

Liberally construing the amended complaint, Kudingo appears to challenge Dane County's compliance with Title IV-D. But Kudingo has no right to raise such a challenge in this proceeding. *See Blessing v. Freestone*, 520 U.S. 329, 343 (1997) (holding that the requirement that a state operate its child support program in "substantial compliance" with Title IV-D does not constitute a federal right enforceable under § 1983); *Walters v. Weiss*, 392 F.3d 306, 312–13 (8th Cir. 2004). Thus, Bina's motion to dismiss for lack of subject-matter jurisdiction, Docket 18, is granted. Because the court does not have subject-matter jurisdiction, the court does not consider Bina's argument that she has absolute immunity for Kudingo's claims against her or her alternative argument that the amended complaint fails to state a claim upon which relief can be granted against her. *See* Docket 19 at 7–8.

## II.   Motions for Injunction

Kudingo has filed two motions requesting that the court enjoin Bina from withholding $500.00 per week from Kudingo's wages during the pendency of this action. Dockets 8, 15. Because of a "drastic" decrease of income, Kudingo alleges that he cannot make payments on his vehicles, pay to insure his vehicles, service his credit card debt, or pay his rent. Docket 8 at 1; Docket 15

at 1. Because this court does not have subject matter jurisdiction, this court does not have jurisdiction to enjoin the enforcement of the Wisconsin child support order. Further, the Anti-Injunction Act bars this court from staying the Wisconsin child support proceedings. The Anti-Injunction Act bars federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against any injunction of any state court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *In re Fed. Skywalk Cases*, 680 F.2d 1175, 1181 (8th Cir. 1982). Kudingo's motions for injunctive relief do not fall within any of the three express exceptions to the Anti-Injunction Act, which are to be narrowly construed. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Thus, Kudingo's motions for injunction, Dockets 8, 15, are denied.

### III.  Motion for Relief from Judgment

Kudingo moves, pursuant to Federal Rule of Civil Procedure 60, for relief from the Wisconsin child support order and the continued taking of $500 per week from his wages. Docket 16. In support of his Rule 60 motion, Kudingo argues that the child support order is "void for want of a signature from a judge seated on the Judicial Court in Dane County[,] Wisconsin." *Id.* Kudingo also asserts that Bina is in agreement that the child support order is void because she failed to deny Kudingo's allegation when Kudingo mailed to her a "Notice of Injury." *Id. See also* Docket 11-1 at 76–78.

10

Federal Rule of Civil Procedure 60(b)(4) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void." But Rule 60(b)(4) only permits this court to relieve a party from a final judgment, order, or proceeding entered by this court. Rule 60(b)(4) does not permit this court to relieve Kudingo from a Wisconsin child support order. *Mumim v. Clarke*, 2018 WL 6067510, at *3 (D. Neb. Nov. 20, 2018) (stating that a party may not use Rule 60(b)(4) to challenge a state court judgment in federal court). As explained above, the *Rooker-Feldman* doctrine precludes this court from declaring the Wisconsin child support order void. Kudingo's motion for relief from judgment, Docket 16, is denied.

### IV.     Motion for Leave to Proceed in Forma Pauperis

Kudingo filed an Application to Proceed in District Court without Prepaying Fees or Costs along with his complaint. *See* Dockets 1, 2. Subsequently, Kudingo paid the $402 filing fee. Thus, Kudingo's motion for leave to proceed in forma pauperis, Docket 2, is denied as moot.

Thus, it is ORDERED:

1. That Bina's motion to dismiss (Docket 18) is granted.
2. That Kudingo's motion to proceed in forma pauperis (Docket 2) is denied as moot.
3. That Kudingo's motions for injunction (Dockets 8, 15) are denied.

4. That Kudingo's motion for relief from judgment (Docket 16) is denied.

Dated January 8, 2024.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE